## VALERY GAIENNIE *v.* WILLIAM FRERET.

Where in a redhibitory action, brought to rescind the sale of a slave, and recover back the price paid, it was established by parol evidence received without objection, that upon being informed of the sickness of the slave, the vendor had consented to his return—*Held:* That effect must be given to the evidence, and that after its reception, it is too late to raise the objection, that the fact of such consent on the part of the vendor, should have been established by written proof, in order to rescind the sale.

Where the consent of the vendor to take back the slave has been given, and in accordance with it, the slave has been returned to him by the vendee—*Held:* That in a suit brought to rescind the sale, and recover back the price paid for the slave, the consent of the vendor throws the burden of proof upon him, and he cannot be relieved from it, without showing fraud or concealment on the part of the vendee in procuring such consent, or some negligence in returning the slave.

APPEAL from the Fourth District Court of New Orleans, *Price, J.* *H. H. Strawbridge* and *H. D. Ogden,* for plaintiff.    *C. Dufour,* for defendant and appellant.

MERRICK, C. J. This is an action of redhibition brought to rescind the sale and recover back the price of a negro woman sold by defendant to the plaintiff.

The negress was sold to the plaintiff on the third day of February, 1857, and immediately removed to the parish of Natchitoches, where plaintiff resides. About the 15th or 20th of the same month, the plaintiff had discovered that the slave was unsound. He wrote to his cotton factors in this city, desiring them to communicate with the defendant, and that he should take her back. On being applied to for this purpose, the defendant verbally consented to the return.

A physician was called upon by the plaintiff, to examine the woman, and, we infer, to prescribe for her, as he says he visited her four times. As she grew worse, he advised she should be returned immediately. Defendant was notified of her arrival in the city, and thereupon took charge of her, and had her treated at the hospital by skillful physicians, but, notwithstanding, the slave died. The disease was an ulceration of the uterus.

We are satisfied that the defendant was not aware of the existence of the disease at the time of the sale, and we doubt not the suit is defended on the supposition that the complaint was not incurable, and perhaps that the negress did not receive the proper attention.

The case, however, does not depend upon the ordinary rules governing the action of redhibition. As just mentioned, it is proven by parol, received without objection, that when plaintiff's agent informed defendant of the sickness of the negress, he consented to her return, and she was accordingly sent back and taken charge of by defendant. It is now objected, that the sale could not be rescinded without written proof. The objection comes too late, and according to the well settled rules of law, effect must be given to the testimony.

This consent of the defendant, throws the burden of proof upon him, and he cannot be relieved from such consent, without showing fraud or concealment on the part of the plaintiff, by which it was procured, or some negligence in returning the slave.

The testimony makes it more probable that the disease existed at the date of the sale, than the contrary, and if the physician was not called until the 15th or 20th of February, it is but reasonable to suppose that it was not without delay

and reluctance that the negro woman communicated to her new master, a disease which she had carefully concealed from her former one.

The plaintiff cannot be charged with improper conduct in sending the negress to New Orleans, notwithstanding her debility. It was done under the advice of a physician, after defendant had given his consent.

Under the proof in this case, it was not incumbent upon the plaintiff to show, that the disease was absolutely incurable. The consent of defendant to the return of the negress, appears to have been given without any reference to the nature of the disease. When, therefore, plaintiff showed that the disease terminated fatally, notwithstanding the care of physicians employed by defendant himself, he proved more than was required, for it could no longer be objected, that the disease was not incurable, or redhibitory in its nature. That objection had been waived by the consent to the return of the slave.

Judgment affirmed.